# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

L.M.P., on behalf of D.P., E.P. and K.P., minors and L.M.P. on behalf of all other similarly situated disabled persons,

        Plaintiffs,

v.                                            Case No:   6:13-cv-863-Orl-41GJK

NBCUNIVERSAL MEDIA, LLC,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MINOR PLAINTIFFS' RENEWED AND AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AND DISTRIBUTION OF FUNDS (Doc. No. 35)
>
> **FILED:** August 15, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On May 23, 2013, L.M.P. instituted this class-action on behalf of herself, her minor children D.P., E.P. and K.P. (the "Children"), who suffer from autism spectrum disorder, and all other similarly situated disabled persons (collectively, the "Plaintiffs") against NBCUniversal Media, LLC (the "Defendant").  Doc. No. 1.  On August 22, 2013, Plaintiffs filed an amended complaint (the "Complaint").  Doc. No. 14.  The gravamen of the Complaint is that Defendant's treatment of Plaintiffs and other similarly situated disabled persons at Defendant's theme parks violates the following federal and state laws: Americans with Disabilities Act, 42 U.S.C. § 12181,

*et seq*; California's Unruh Act, Cal. Civ. Code § 51, *et seq*; the California Disabled Persons Act, Cal. Civ. Code § 54, *et seq*; and the California Business and Professional Code § 17200, *et seq*. Doc. No. 14-1 at 7-17.

On August 15, 2014, Plaintiffs filed a Renewed and Amended Unopposed Motion to Approve Settlement and Distribution of Funds (the "Motion"). Doc. No. 35.[1] Plaintiffs represent that Defendant's position throughout this matter is that their "alleged experience was not consistent with theme park policy, that the theme park's policy was lawful and that Universal Studios Florida would nevertheless work with plaintiffs to attempt to sharpen and improve aspects of its corporate policy relating to reasonable and appropriate accommodation" for them and other similarly situated disabled persons. *Id*. at ¶ 4. Consequently, the parties engaged in months of negotiations culminating in a settlement agreement (the "Agreement"). Doc. Nos. 35 at ¶ 5; 35-1.

Under the Agreement, Defendant agrees to implement changes to its employee training materials that have been agreed upon by the parties. Doc. Nos. 35 at ¶ 5; 35-1 at 1-2, 13-14. The goal of these changes is to "improve the sensitivity and awareness of Universal Studio Florida's employees and improve their ability to assess and respond to requests for reasonable accommodation from plaintiffs and those with similar requests." Doc. No. 35 at ¶ 5. In addition, Defendant agrees to provide the Children with passes that will facilitate reasonable accommodation to them while they visit its theme parks, and pay Plaintiffs' counsel $20,000.00 in attorneys' fees. Doc. Nos. 35 at ¶ 5; 35-1 at 2, 6-7. The Agreement provides that following receipt of the settlement amount a stipulation for dismissal with prejudice will be filed. Doc. Nos. 35 at ¶ 6; 35-1 at 4.

---

[1] Plaintiffs filed their original motion to approve settlement on June 16, 2014. Doc. No. 30. On July 30, 2014, the Court entered an order denying the motion pursuant to Local Rule 3.01(a). Doc. No. 32.

Florida law requires court approval of all settlements involving a minor for the settlement to be effective. Fla. Stat. § 744.387(3)(a). Specifically, no settlement may be approved unless the court is satisfied that the settlement is in the minor's best interest. *E.g.*, *Nixon v. Bryson*, 488 So.2d 607, 608-9 (Fla. 3rd DCA 1986).[2] As one Florida court of appeal explained, "the purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement but instead it is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So.3d 1004, 1006 (Fla. 2nd DCA 2013).

This dispute centers on Defendant's alleged failure to make reasonable modifications in their policies, practices and/or procedures to accommodate guests, such as the Children, with autism spectrum disorder. *See* Doc. No. 14-1 at 2. To resolve this dispute, Defendant agrees to revise its employee training materials at its Orlando theme parks in a manner agreed upon by the parties. Doc. Nos. 35 at ¶ 5; 35-1 at 1-2, 13-14. The goal of these changes is to "improve the sensitivity and awareness of Universal Studio Florida's employees and improve their ability to assess and respond to requests for reasonable accommodation from plaintiffs and those with similar requests." Doc. No. 35 at ¶ 5. While Plaintiffs have not filed the revisions to Defendant's employee training materials with the Court, they and their counsel represent that they have agreed in writing to the revisions and that they believe the improved training will result in better accommodation for the Children at Defendant's theme parks. Doc. Nos. 35 at 6; 35-1 at 13-14. Additionally, Defendant agrees to provide the Children with passes that will facilitate reasonable

---

[2] The undersigned notes that a natural guardian, such as L.M.P., may "settle any claim by or on behalf of a minor that does not exceed $15,000" and that a "legal guardianship shall be required when the amount of the net settlement to the ward exceeds $15,000." Fla. Stat. § 744.387(2). Although the settlement includes a payment of $20,000.00 in attorneys' fees to Plaintiffs' counsel, this amount, by virtue of the plain language of the statute, does not trigger the need for a legal guardianship since the amount is not being paid to the Children. Under the Agreement, the net settlement to the Children does not exceed $15,000.00. Therefore, L.M.P. may settle this matter on the Children's behalf.

accommodation to them while they visit its theme parks.  Doc. Nos. 35 at ¶ 5; 35-1 at 6-7.  The actions Defendant agrees to take adequately address the issue in this case, i.e., reasonable accommodation for the Children at Defendant's theme parks.  Accordingly, the undersigned finds that the settlement is in the best interest of the Children.[3]

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 35) be **GRANTED** only to the extent that the Court finds the parties' settlement is in the Children's best interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on September 25, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Although not central to the determination of whether the settlement is in the best interest of the Children, the undersigned finds that the attorneys' fees to be paid to Plaintiffs' counsel under the Agreement is reasonable given that it represents a fraction of the lodestar amount ($36,735.00) and does not otherwise negatively impact those portions of the Agreement that are intended to result in better accommodation for the Children at Defendant's theme parks.  Doc. Nos. 35 at 6; 36-1.